UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY CHOO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLNX LIFE SCIENCES, INC., et al., <br><br> Defendants. | Case No. 2:17-cv-02517-KJM-DMC <br><br><br> ORDER |

The parties jointly stipulate to dismiss with prejudice all individual claims brought by plaintiffs Misty Choo and Diane E. Lee, and all class claims without prejudice. ECF No. 36. In response to the parties' stipulation, the court directed the parties to meet and confer and submit a supplemental filing addressing the factors identified in *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1407–09 (9th Cir. 1989) and *Del Rio v. CreditAnswers, LLC*, No. 10CV346-WQH-BLM, 2011 WL 1869881, at *23 (S.D. Cal. May 16, 2011), Minute Order, ECF No. 37, which the parties did, Suppl. Filing ("Suppl."), ECF No. 38. As explained below, the court now APPROVES the stipulation.

Federal Rule of Civil Procedure 23 governs the litigation of class actions in federal court. "Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of class claims" even before the class is formally certified. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for

1

purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval."); *id.*, advisory committee's note to the 2018 amendments ("The introductory paragraph of Rule 23(e) is amended to make explicit that [Rule 23(e)'s] procedural requirements apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court."). Where parties seek to voluntarily dismiss class claims, "the court must inquire into possible prejudice from the following circumstances":

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Madrid v. teleNetwork Partners, LTD.*, No. 5:17-CV-04519-BLF, 2019 WL 3302812, at *7 (N.D. Cal. July 23, 2019) (quoting *Diaz*, 876 F.2d at 1408).

        Here, the court is satisfied that dismissal of this action will result in no prejudice to the putative class members. The parties do not indicate whether the statute of limitations on plaintiffs' claims is "rapidly approaching" such that it is likely to prevent potential class members from pursuing individual claims. Rather, the parties cite to *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551–52 (1974), Suppl. at 3, in which the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. Nevertheless, if the statute of limitations was tolled upon the filing of this class action, potential class members might be adversely affected by this dismissal if they chose not to file an individual claim in reliance on this. However, the parties represent that this was not a widely publicized case, and potential class members are unlikely to have relied on this action to vindicate their interests. *See* Suppl. at 3; *see, e.g., Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007) (finding no publicity of case meant potential class members did not rely on the action to assert or protect their claims). Furthermore, the court never certified the class nor required the parties provide notice to the class of this action, and the parties represent that "no putative class members have contacted counsel of either Party to

inquire about the status of the case or the filing of additional claims." Suppl. at 2. For these reasons, dismissal of this case is not likely to prejudice potential class members.

The court is also satisfied no "settlement or concession of class interests" were "made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. The parties move to dismiss the class claims without prejudice, meaning class members' rights to pursue individual claims are not extinguished by the dismissal.

For the foregoing reasons, the court APPROVES the parties' stipulation. All of the individual claims and allegations brought by Misty Choo and Diane E. Lee are DISMISSED with prejudice and all of the claims and allegations of the putative class members are DISMISSED without prejudice. The court, in its discretion, declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for the state courts. *Kokkonen*, 511 U.S. at 382.

This order resolves ECF No. 38.

This case is CLOSED.

IT IS SO ORDERED.

DATED: October 18, 2019.

_____
UNITED STATES DISTRICT JUDGE